UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW JOHN MATAGRANO,

                              Plaintiff,                    9:19-cv-00763 (BKS/DJS)

v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
CENTRAL NEW YORK PSYCHATRIC CENTER, and
NEW YORK STATE OFFICE OF MENTAL HEALTH.

                              Defendants.
_____

**Appearances:**

*For Plaintiff*:
Amy Jane Agnew
Law Office of Amy Jane Agnew, P.C.
24 Fifth Avenue
Suite 1701
New York, NY 10011

*For Defendants:*
Letitia James
Attorney General of the State of New York
Denise P. Buckley
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

      Plaintiff Matthew John Matagrano brings this action against Defendants New York State

Department of Corrections and Community Supervision ("DOCCS"), Central New York

Psychiatric Center, and New York State Office of Mental Health alleging violations of Title II of

the Americans With Disabilities Act, 42 U.S.C .§ 12101, et seq. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq. ("Rehabilitation Act") during Plaintiff's incarceration at Wende Correctional Facility ("Wende").[1] (Dkt. No. 49). Presently before the Court is Defendants' motion, pursuant to Fed. R. Civ. P. 12(b)(6), for partial dismissal of Plaintiff's Second Amended and Supplemental Complaint[2] (the "Complaint") on statute of limitations grounds. Plaintiff has opposed the motion, (Dkt. No. 58), and Defendants have replied, (Dkt. No. 69). For the reasons below, Defendants' motion is denied.

## II. FACTS[3]

The limited factual allegations relevant to Defendants' pending motion are as follows. Plaintiff, an inmate in DOCCS' custody, suffers from a severe hearing impairment and needs to use American Sign Language ("ASL") to communicate, especially in rooms with other voices or surrounding sounds, in which he is unable to hear well enough to distinguish voices and words. (Dkt. No. 49, at ¶¶ 5, 8, 33). On or around November 20, 2015, Plaintiff was advised by a correctional officer at Wende that he was not allowed to use ASL to communicate in the mess hall. (*Id.* ¶ 49). Plaintiff claims that this ban on using ASL in the mess hall discriminates against hearing-impaired inmates, since inmates without hearing disabilities are allowed to communicate in any language when in the mess hall. (*Id.* ¶ 50). Plaintiff filed a grievance and proceeded through the three-step grievance process mandated by DOCCS,[4] until his grievance was

---

[1] Plaintiff initially brought other claims against additional Defendants pursuant to 42 U.S.C. § 1983, which have been dismissed. (Dkt. Nos. 44, 48).

[2] Defendants' motion is erroneously styled as a motion to dismiss the First Amended Complaint, (Dkt. No. 52), but Defendants have since clarified that their motion seeks partial dismissal of the Second Amended and Supplemental Complaint, (Dkt. No. 69, at 3 n.1).

[3] The facts set forth herein are drawn from the Complaint. (Dkt. No. 49). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

[4] Under DOCCS' three-tiered grievance process, prisoner must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). *See* 7 N.Y.C.R.R. § 701.5(a)(1), (b). An adverse decision of the IGRC may be

ultimately denied by CORC on February 3, 2016. (*Id.* ¶¶ 49, 51). Plaintiff alleges that this "violation [of the ADA and Rehabilitation Act] was on-going thereafter as at no time were [Plaintiff] and his hearing-impaired and deaf cohort allowed to communicate with ASL in the mess hall of Wende without risk of receiving a disciplinary ticket." (*Id.* ¶ 52).

Plaintiff filed his original complaint in this action, which included allegations regarding the November 2015 incident, on June 27, 2019. (Dkt. No. 1, at 11). At that time, Plaintiff was still incarcerated at Wende. (Dkt. No. 1-2, at 1). Plaintiff has since been transferred to Sullivan Correctional Facility in Fallsburg, New York. (Dkt. No. 49, at ¶¶ 4, 39-40).[5]

### III.  STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a

---

appealed to the superintendent of the facility. *Id.* § 701.5(c). Adverse decisions at the superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id.* § 701.5(d).

[5] The Complaint does not specify when Plaintiff was transferred from Wende to Sullivan Correctional Facility, but Plaintiff's counsel represents that the transfer occurred in January of 2020. (Dkt. No. 58, at 10).

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). "Because the statute of limitations is an affirmative defense, Defendants carry the burden of showing that Plaintiff failed to plead timely claims." *Smith v. City of New York*, 1 F. Supp. 3d 114, 118 (S.D.N.Y. Nov. 20, 2013). "Dismissing claims on statute of limitations grounds at the complaint stage 'is appropriate only if a complaint clearly shows the claim is out of time.'" *Id.* (quoting *Harris v. City of New York,* 186 F.3d 243, 250 (2d Cir.1999)). Courts in this Circuit apply New York's three-year statute of limitations for personal injury actions to claims brought in New York under the ADA and Rehabilitation Act, *Stropkay v. Garden City Union Free Sch. Dist.*, 593 F. App'x 37, 41 (2d Cir. 2014) (collecting case law), and "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2011) (citation omitted).

**IV.    DISCUSSION**

Defendants argue that, to the extent Plaintiff bases a claim on allegations that he was barred from using ASL to communicate in Wende's mess hall, his claim must be dismissed on statute of limitations grounds. Defendants argue that such a claim is based on a single event that occurred in November 2015, for which Plaintiff's administrative remedies were fully exhausted when CORC denied his appeal on February 3, 2016, more than the three years prior to the filing of this action on June 27, 2019. (Dkt. No. 52-1, at 7). Plaintiff argues that, because he alleges that the purported ban on the use of ASL in the mess hall "was on-going [after November 2015] as at no time were [Plaintiff] and his hearing-impaired and deaf cohort allowed to communicate

4

with ASL in the mess hall of Wende without risk of receiving a disciplinary ticket," the statute of limitations for his claim is tolled by the continuing violation doctrine. (Dkt. No. 58, at 10-11). Defendants do not address the continuing violation doctrine in their motion, but in their reply, they argue that the doctrine does not apply because Plaintiff has not alleged any specific acts pertaining to the alleged ASL ban that occurred within the three-year statute of limitations period, and instead has merely alleged that he "believed he risked a disciplinary ticket because of the prior incident" that occurred outside that period. (Dkt. No. 69, at 3-5).

"Under Title VII's continuing violation doctrine, 'if a plaintiff has experienced a continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001)). "[T]he continuing-violation doctrine has been applied, both by the Second Circuit and by courts in other jurisdictions, to a variety of non-Title VII claims," including in the prison context. *Remigio v. Kelly*, No. 04-cv-1877, 2005 WL 1950138, at *7, 2005 U.S. Dist. LEXIS 16789, at *22 (S.D.N.Y. Aug. 2, 2005); *see also Shomo v. City of New York*, 579 F.3d 176, 181, 185-86 (2d Cir. 2009) (applying the doctrine to a prisoner's Eighth Amendment deliberate indifference claim, and instructing the District Court to consider its applicability to the plaintiff's ADA and Rehabilitation Act claims); *Washington*, 373 F.3d at 317 (applying the doctrine to a racial discrimination claim under § 1983); *Harris*, 186 F.3d at 247-250 (applying the doctrine to disability discrimination claims under the ADA, Rehabilitation Act and § 1983). The Second Circuit has generally reasoned by analogy to Title VII cases when applying the continuing violation doctrine to circumstances other than employment discrimination cases. *See Washington*, 373 F.3d at 317 (conducting continuing

5

violation analysis of § 1983 claim, but finding that doctrine did not toll the statute of limitations because claims accrued when defendant undertook discrete act of initiating disciplinary proceeding). To bring a claim "within the continuing violation exception, a plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004); *see also Shomo*, 579 F.3d at 182 ("To assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy . . . and some non-time barred acts taken in furtherance of that policy'" (quoting *Harris*, 186 F.3d at 248)). The continuing violation doctrine does not apply to discrete unlawful acts, even if the discrete acts were undertaken "pursuant to a general policy that results in other discrete acts occurring within the limitations period." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 157 (2d Cir. 2012). Furthermore, a plaintiff cannot establish a continuing violation merely because he "continues to feel the effects of a time-barred discriminatory act." *Harris*, 186 F.3d at 250. "[T]he federal courts look unfavorably on continuing violation arguments, and have applied the theory only under 'compelling circumstances,'" including where:

> the unlawful conduct takes place over a period of time, making it difficult to pinpoint the exact day the violation occurred; where there is an 'express, openly espoused policy that is alleged to be discriminatory;' or where there is a pattern of covert conduct such that the plaintiff only belatedly recognizes its unlawfulness.

*Yip v. Bd. of Trs.*, No. 03-cv-00959C, 2004 WL 2202594, at *4, 2004 U.S. Dist. LEXIS 28366, at *14 (W.D.N.Y. Sep. 29, 2004) (citations omitted).

Accepting all facts in Plaintiff's complaint as true and drawing all reasonable inferences in Plaintiff's favor—as the Court must at this stage—Plaintiff's allegations, while sparse, sufficiently allege that DOCCS had an "express, openly espoused policy" of banning the use of ASL in Wende's mess hall that was consistently in effect "over a period of time" from

6

November 2015 through Plaintiff's departure from Wende, which did not occur until *after* he filed this action. *Id.* Because Plaintiff alleges that this express, discriminatory policy affected him during the statute of limitations period, he has met the requirements to trigger the continuing violation doctrine, notwithstanding the fact that the initial event in which he was first barred from using ASL in the mess hall occurred outside the limitations period.[6]

Defendants argue that Plaintiff's allegations only suggest that he "continue[d] to feel the effects of" the single November 2015 incident, and not that he was ever actually prevented from using ASL in the mess hall after that incident. *Harris*, 186 F.3d at 250. While this is one possible inference from Plaintiff's allegations, another reasonable inference is that, from the November 2015 incident onward, Plaintiff and his fellow hard-of-hearing inmates were expressly barred from using ASL in the mess hall at any time as a matter of prison policy. Because the latter inference would give Plaintiff the benefit of the continuing violation doctrine, the Court must draw that inference in his favor at this early stage and allow his claim to survive dismissal. *Cf. Harris*, 186 F.3d at 249-50 (finding that, at the motion to dismiss stage, the continuing violation doctrine prevented dismissal of plaintiff's claim where "[a]ll that [the plaintiff] alleges is that he was eligible for promotion until his retirement and that the Police Department failed to grant it to him throughout that time period, pursuant to its policy of not promoting restricted duty officers," and thus "it is unclear whether [the plaintiff's] superiors made a one-time decision soon after his injury not to consider him for promotion (a single completed act of discrimination that had

---

[6] Defendants argue that "Plaintiff claims that on or about November 20, 2015, he filed a formal discrimination grievance against a non-party by the name of Sergeant Sears who allegedly advised Plaintiff that he could not use ASL in the mess hall," and that "Plaintiff does not claim that he filed a grievance about a policy banning the use of ASL in the mess hall." (Dkt. No. 69, at 4). However, as noted, the Court must draw all reasonable inferences in Plaintiff's favor at this stage, and it is reasonable to infer from Plaintiff's allegations that his grievance challenged the alleged policy Sergeant Sears was enforcing—namely, the policy of forbidding hard-of-hearing inmates from using ASL in the mess hall. (Dkt. No. 49, at ¶ 49).

continuing effects only due to his continued employment) or whether they continuously failed to act (including some discriminatory decision arrived at within the statute of limitations) in furtherance of a continuing discriminatory policy").

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion for partial dismissal of Plaintiff's Complaint (Dkt. No. 52) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 21, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge